UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TRAVIS DAVIS,

    Plaintiff,

  v.                                         CAUSE NO. 3:20-CV-357-DRL-MGG

SHERIFF HASSEL *et al.*,

    Defendants.

## OPINION & ORDER

Travis Davis, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. To state a 42 U.S.C. § 1983 claim, a plaintiff must allege "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Davis alleges that he has recently received meals with missing items at the Marshall County Jail. For example, in April 2020, he didn't receive a bag of chips, though jail staff replaced it, and he didn't receive carrots for a few days due to the jail's temporary issues with obtaining produce. He asserts he has been deprived of nutrients and calories from a menu developed by a licensed dietician.

Because Mr. Davis is a pretrial detainee, the court must assess his claims under the Fourteenth Amendment instead of the Eighth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015).

Even affording Mr. Davis the reasonable inferences to which is he is entitled at this stage, the court cannot characterize the alleged minor and temporary deviations from the menu as punishment. Nor has Mr. Davis explained how the named defendants are personally involved with these alleged shortcomings. *See Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009) ("[P]ublic employees are responsible for their own misdeeds but not for anyone else's.").

Nevertheless, the court will give Mr. Davis the opportunity to file an amended complaint. *See Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013). If he chooses to file an amended complaint, he should use the court's approved form and must put the case number of this case on it, which is on the first page of this order. Additionally, he should

file an amended complaint only if he believes he can address the deficiencies set forth in this order.

For these reasons, the court:

(1) GRANTS Travis Davis until <u>August 25, 2020</u> to file an amended complaint; and

(2) CAUTIONS Travis Davis that, if he does not respond by that deadline, this case will be dismissed without further notice.

SO ORDERED.

July 24, 2020

*s/ Damon R. Leichty*
Judge, United States District Court